UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOOSAN FUEL CELL AMERICA, INC.<br><br>                      Plaintiff,<br><br>- against -<br><br>ADVANCED FLOW SYSTEMS, INC.,<br><br>                      Defendant. | Civ. No. _____<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Doosan Fuel Cell America, Inc. ("DFCA"), by and through its attorneys, Sheppard, Mullin, Richter & Hampton LLP, alleges as follows for its Complaint against Defendants Advanced Flow Systems, Inc. ("AFS"):

## NATURE OF THE ACTION

1. Plaintiff DFCA is in the business of procuring and supplying hydrogen fuel cell components, including its PureCell® System which provides clean electricity for commercial buildings. DFCA files this lawsuit to seek redress for damages caused by the defective parts (known as super modules) supplied by Defendant AFS, in breach of the parties' written agreement, as well as to obtain the return of DFCA's materials, which AFS currently is wrongfully withholding from DFCA, despite DFCA's repeated demands for their return.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is an action between a citizen of Connecticut (DFCA) and a citizen of Canada (AFS), and the amount in controversy exceeds $75,000.

3. This court has personal jurisdiction over AFS, and venue in this district is proper under 28 U.S.C. § 1391. The contracts governing the transactions at issue specifies that any action relating to such contracts and transactions can be brought in this district, and that AFS

irrevocably consents and submits to the jurisdiction of this Court.  Specifically, the Standard Terms and Conditions of Purchase for Commercial Suppliers entered into in 2014 contain a provision that specifies that New York law will apply to the parties' dispute, and that AFS "irrevocably consents to personal jurisdiction and venue in" this Court, and that AFS "shall not commence [any] action or claim outside of [this] jurisdiction …."

## THE PARTIES

4.     DFCA is Delaware corporation with its principle place of business in South Windsor, Connecticut.

5.     Upon information and belief, Defendant AFS is a Canadian corporation, with its principle place of business in Maple Ridge, British Columbia, Canada.  Upon information and belief, AFS has been and is continuing to suffer from financial difficulties.

## FACTUAL ALLEGATIONS

6.     Beginning in 2014, DFCA entered into written agreements with AFS, whereby AFS agreed to supply certain commercial grade parts for DFCA's fuel cell system, including the super modules at issue in this lawsuit.  The terms of these agreements were set forth in the Purchase Orders issued by DFCA to AFS from time to time, as well as the aforementioned Standard Terms and Conditions of Purchase for Commercial Suppliers entered into in 2014, which was amended over time ("Standard Terms"), are expressly referenced and made part of the parties' agreement.

7.     In 2018, DFCA was notified by its customer, Doosan Corporation, that the parts provided by AFS were defective, and that the Doosan Corporation sustained damages as a result, which damages were no less than $6 million as of December 2018.  Doosan Corporation's damages were caused by the defective manufacture of the super modules by AFS.  Because Doosan Corporation was DFCA's customer, DFCA has suffered damages.  DFCA believes that

there are additional super modules that are defective and that the damages resulting from the repairs necessary to make the super modules fit for their intended purposes are now $12 million and will continue to increase.

8. Upon receiving notice from Doosan, DFCA immediately notified AFS and demanded that AFS take actions necessary to hold DFCA harmless from the damage, as required by the parties' contract. Specifically, the Standard Terms required AFS to, among other things:

- Comply with all of DFCA's specifications. (Sections 1.1, 2.4.)

- Examine and comply with all of the drawings, specifications, terms and conditions of DFCA's customer (e.g., Doosan Corporation). (Section 6.1.)

- Ensure that AFS's supplied products pass all inspections and conform to all requirements. (Section 7.1.)

- Assume liability for all of DFCA's actual costs, expenses and damages related to or arising from nonconforming Deliverables. (Section 7.5.)

- Ensure and warrant that the supplied Deliverables are, among other things, (i) free from defects in material and workmanship , (ii) free from defects in design, and (iii) manufactured in strict accordance with the Specifications.. (Section 9.1.)

- Promptly repair or replace, at DFCA's option, any Deliverable which breach the Warranty. (Section 9.2.)

- Assume liability of the DFCA's actual costs, expenses and damages related to or arising from Deliverable not conforming to the warranty. (Section 9.3.)

- To indemnify and save harmless DFCA, DFCA's insurers and DFCA's affiliates and their employees, agent, officers, and directors for an from all suits, claims, judgments, awards, losses, damages, costs or expenses (including attorneys' fees) relating to, arising out of, or caused by any breach of the agreements or warranties.  (Section 17.1.)

9. Moreover, with respect to the items furnished or funded by DFCA ("Buyer Items"), Section 15 of the Standard Terms makes clear that the title remains with the DFCA, and that AFS shall execute documents that are related to the Buyer Items, including, Uniform Commercial Code financing statements or any similar documents to plainly mark and adequately identify Buyer Items as being DFCA's property.  Upon DFCA's request, AFS also is required to provide an annual written inventory of Buyer's Items, including certification of compliance with this provision and proof of adequate insurance covering full replacement cost of Buyer Items.

10. Section 39.3 of the Standard Terms provides that each of the foregoing obligations are specified to survive the expiration or termination of any order.

11. AFS failed to comply with its obligations under the Standard Terms. Accordingly, DFCA again made a written demand for AFS to hold DFCA harmless, as well as to return DFCA's materials which are in AFS's possession, and which AFS wrongfully refuses to return.

## FIRST CAUSE OF ACTION

(Breach of Contract – Against AFS)

12. DFCA repeats and realleges paragraphs 1 through 11 as if fully set forth herein.

13. The Purchase Orders and the Standard Terms are valid, binding and enforceable agreements.

14. DFCA performed its obligations by placing orders as documented in the Purchase Orders and made payments for non-defective super modules.

15. AFS breached the Agreement by, *inter alia*, failing to properly manufacture parts for use in DFCA's fuel cells, retaining materials provided by DFCA to AFS for use in the fuel cells, and refusing to turnover those materials to DFCA despite repeated demands.

16. As a result of the foregoing, AFS has damaged DFCA in an amount to be determined at trial, but in no event less than $12 million, plus DFCA's attorneys' fees, costs, and both pre- and post-judgment interest at the statutory rate.

## SECOND CAUSE OF ACTION

(For Replevin – Against AFS)

17. DFCA repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18. DFCA provided a number of parts and materials to Defendant for use in manufacturing the super modules.

19. After Doosan informed DFCA that the super modules were defective and DFCA discovered that AFS had manufactured defective parts, DFCA subsequently demanded the return of the Buyer Items, namely, parts and materials that DFCA provided to AFS for use in assembling the super modules for use in DFCA's PureCell® System..

20. Despite DFCA's demand, AFS has refused to return the Buyer Items to DFCA.

21. Instead, AFS has retained the parts and materials that were provided to it by DFCA, which parts and materials have a value in excess of $1.2 million.

22. As a result of AFS's actions and refusal to return the Buyer Items to DFCA, DFCA is entitled to immediate replevy of the parts and materials and AFS should be ordered to deliver the parts and materials to DFCA's offices in South Windsor.

## THIRD CAUSE OF ACTION

(Conversion – Against AFS)

23. DFCA repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. AFS knew or should have known that DFCA owns the parts and materials that DFCA provided to AFS for use in manufacturing the fuel cells.

25. DFCA has demanded that AFS turnover the parts and materials that DFCA provided to AFS, but AFS has refused.

26. DFCA has a superior right of possession to the parts and materials that were provided by DFCA to AFS.

27. By failing to turnover the parts and materials to DFCA, AFS has exercised dominion over approximately $1.2 million of parts and materials without DFCA's authorization, which is in defiance of DFCA's rights.

28. The failure of AFS to turnover approximately $1.2 million in parts and materials to DFCA was done with the malicious intent to deprive DFCA of its assets.

29. Accordingly, AFS is exercising dominion over $1.2 million of parts and materials without DFCA's authorization, which is in defiance of DFCA's rights.

30. As a result of the conversion by AFS of approximately $1.2 million of parts and materials, AFS has damaged DFCA in an amount to be determined at trial, plus punitive damages, DFCA's attorneys' fees, costs, and both pre- and post-judgment interest at the statutory rate.

## FOURTH CAUSE OF ACTION

(Breach of Warranties – Against AFS)

31. DFCA repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. DFCA informed AFS and AFS was aware that DFCA was going to use the super modules for its PureCell® System, which provides clean electricity for commercial buildings.

33. AFS told DFCA and represented that the super modules would be suitable for use in the PureCell® System.

34. In Section 9 of the Standard Terms, AFS warranted, among other things, that the super modules "shall be and continue to be: (i) merchantable and fit for the purpose intended … [and] (iii) free from defects in material and workmanship."

35. AFS knew that DFCA would and, in fact did, rely on AFS's skill and/or judgment and the warranties in contracting for the assembly and manufacture of the super modules.

36. The super modules provided by AFS to DFCA were not fit for the purpose intended, namely, the use in DFCA's PureCell® System, nor were the super modules free from defects in material and workmanship.

37. DFCA has been forced to invest substantial time and money to fix the problems with the super modules.

38. DFCA has repeatedly notified AFS of the defects with the super modules.

39. As a result of AFS's breaches of the warranties contained in the Standard Terms, AFS has damaged DFCA in an amount to be determined at trial, but in no event less than $12 million, plus DFCA's attorneys' fees, costs, and both pre- and post-judgment interest at the statutory rate.

**FIFTH CAUSE OF ACTION**

(Indemnification – Against AFS)

40. DFCA repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41.     In Section 17 of the Standard Terms, AFS agreed to indemnify and hold harmless DFCA for all claims, losses, damages, costs, and expenses "relating to, arising out of, or caused by the performance hereunder, any act or omission of [AFS] or [the super modules.]"

42.     After DFCA learned of the defects in the super modules, DFCA notified AFS of the defects and demanded that AFS comply with its indemnification obligations.

43.     AFS has refused to comply with its obligations, which has caused DFCA to incur substantial costs and expend substantial time to fix the super modules.

44.     As a result of AFS's actions and failure to comply with its indemnification obligations, DFCA has been damaged in an amount to be determined at trial, but in no event less than $12 million, plus DFCA's attorneys' fees, costs, and both pre- and post-judgment interest at the statutory rate.

## **PRAYER FOR RELIEF**

WHEREFORE, DFCA respectfully demands judgment on its Complaint as follows:

A.      On the First Cause of Action, an amount to be determined at trial, but in no event less than $12 million, plus DFCA's attorneys' fees, costs, and both pre- and post-judgment interest at the statutory rate;

B.      On the Second Cause of Action, replevin of the parts and materials, plus the recovery of DFCA's attorneys' fees, costs, and both pre- and post-judgment interest at the statutory rate;

C.      On the Third Cause of Action, an amount to be determined at trial, but in no event less than $1.2 million, plus punitive damages, DFCA's attorneys' fees, costs, and both pre- and post-judgment interest;

D.      On the Fourth Cause of Action, an amount to be determined at trial, but in no event less than $12 million, plus DFCA's attorneys' fees, costs, and both pre- and post-judgment interest

at the statutory rate;

      E.      On the Fifth Cause of Action, an amount to be determined at trial, but in no event less than $12 million, plus DFCA's attorneys' fees, costs, and both pre- and post-judgment interest at the statutory rate

      F.      Awarding DFCA its costs, expenses and attorneys' fees; and

      G.      Granting DFCA such other and further relief as may be just and proper.

Dated: March 22, 2019

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: *Mark E. McGrath*
      Mark E. McGrath
Mark E. McGrath
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Email: mmcgrath@sheppardmullin.com

*Attorneys for Plaintiff Doosan Fuel Cell America, Inc.*